Christopher J. Hamner, Esq. (SBN 197117)
**HAMNER LAW OFFICES, APLC**
26565 West Agoura Road, Suite 200-197
Calabasas, California 91302
Telephone: (888) 416-6654
chamner@hamnerlaw.com

Attorneys for Plaintiff, James Ash and the proposed class

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ASH, an individual California resident, and the proposed class,<br><br>Plaintiff<br><br>v.<br><br>ST. MARY MEDICAL CENTER in California, a business entity of unknown form; PROVIDENCE ST. JOSEPH'S HEALTH, in California, a Washington corporation; COMMONSPIRIT HEALTH, a business entity of unknown form, and DOES 1 THROUGH 10, inclusive,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1. **VIOLATIONS OF CALIFORNIA UNFAIR COMPETITION LAW Cal. Bus. & Prof. Code §§ 17200** *et seq.*<br>2. **VIOLATION OF CALIFORNIA SURPRISE MEDICAL BILL LAW, Cal. Health & Safety Code §§ 1371.30-31, 1371.9, Cal. Insurance Code §§ 10112.8, 10112.81 and 10112.82**<br>3. **BREACH OF IMPLIED CONTRACT OR QUASI-CONTRACT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff James Ash, (hereinafter "Plaintiff") on behalf of himself, and the proposed class, bring this action against Providence St. Joseph's Health ("PSJH" or "Defendant") and alleges on information and belief except as to the allegations that pertain to Plaintiff which are based on personal knowledge, as follows:

1

COMPLAINT

## I.   PARTIES

**A.   The Plaintiff**

1. Plaintiff James Ash ("Plaintiff") is a California resident. At all relevant times herein, Plaintiff received medical services from Defendants in Irvine, California.

**B.   The Defendant**

2. Defendant St. Mary Medical Center. ("St. Mary"), an entity of unknown form, is located and does business in Apple Valley, California. Defendant regularly and systematically does business in Los Angeles County.

3. Defendant Providence St. Joseph's Health ("PSJH"), is a medical provider, which owns and operates St. Mary, and is a Washington corporation, with its principal executive offices located in Renton, Washington, 98057 and does business in Pasadena, California.

4. PSJH has multiple subsidiaries in California and regularly conducts business in the state, with business in California. PSJH is a nationwide provider of health care services and related support services, including physician services, medical transportation services, and a range of management and administrative services (such as clinical staffing and recruiting, scheduling support, billing and collection, operational improvement programs and risk management).

5. Defendant CommonSpirit Health ("CommonSpirit"), an entity of unknown form, is located and does business in California. Defendant regularly and systematically does business in Los Angeles and Orange Counties.

6. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendant sued here in as DOES 1 through 10,

inclusive, are currently unknown to plaintiff, who therefore sues Defendant by such fictitious names under Code of Civil Procedure section 474.  Plaintiff is informed and believes, and based thereon alleges, that Defendant designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this complaint to reflect the true names and capacities of the Defendant.

7. Plaintiff seeks to represent the following class pursuant to Federal Rule of Civil Procedure Rule 23:

> **All persons in California who received a bill for emergency room treatment and services in California within the last 4 years.**

Plaintiff reserves the right to amend this class definition.

8. ***Numerosity.*** The members of the proposed class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed class contains hundreds of thousands of members. The precise number of proposed class members is unknown to Plaintiff. The true number of the proposed class is known by the Defendant, however, and thus, may be notified of the pendency of this action by first class mail, electronic mail, and by published notice.

## II. ALLEGATIONS

9. Plaintiff James Ash ("Plaintiff") is a California resident.  Plaintiff brings this class action on behalf of all persons residing in the State of California who were provided emergency medical services from Defendants and received a surprise bill for an amount beyond the reasonable fair market value rates for the services rendered.

10. Plaintiff made an emergency room visit to PSJH on September 3,

2019, due to breathing issues he was experiencing. On September 19, 2019, Plaintiff received a bill from Defendants for $5,990. Plaintiff's insurance only covered $1,258.03 of this bill, leaving Plaintiff owing $4,582 to Defendants.

11. Defendants' continue to bill Plaintiff for this amount.

12. Plaintiff alleges patients like him across the country are being ambushed by "surprise billing," which occurs when a patient goes to a hospital that is "in-network" with his/her health insurance, only to find out weeks or months later that the doctors are "out-of-network" and their services are not covered by the patient's insurance.

13. Plaintiff alleges that unconstrained by any negotiated agreement, the out-of-network provider's services are billed at rates in excess of the reasonable fair market value of the services provided. The result can be financially disastrous for consumers who reasonably thought they had nothing to worry about since they had obtained health insurance coverage and went to an in-network facility for treatment.

14. Surprise billing is especially common in emergency rooms, where patients must act quickly under stress. A physicians group that contracts with an in-network hospital behaves egregiously when it does not disclose its independent status and the fact that the contracted group does not take the same insurance as the hospital, and when it does not make information about what insurance is accepted reasonably available. The problem is compounded when the group then sends surprise bills for charges in excess of the fair market value of the services provided.

15. Plaintiff and the proposed class only discovered this deception when they receive surprise bills for non-negotiated, unreasonable charges not covered by their insurance.

COMPLAINT

16. Defendants' conduct violates consumer protection laws, as well as common law, which provide that in the absence of an express contract, service providers are only entitled to the reasonable value of the services rendered.

17. In Plaintiff's case, he was billed well over the average in-network price for the same services in the same geographic area and nearly double the average out-of-network charge for those services in that area.

18. Plaintiff and the members of the class have suffered injury due to Defendants' conduct and seek monetary damages, injunctive and/or other equitable relief, restitution and/or disgorgement of profits, and attorneys' fees, costs, and expenses.

### III. JURISDICTION AND VENUE

19. The court has personal jurisdiction over Defendant because Defendant conducts business in this jurisdiction and the actions giving rise to this complaint occurred in this jurisdiction.

20. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"), as the matter in controversy, exclusive of interest and costs, exceeds the sum of $5,000,000, and members of the putative class are citizens of states different from one or more Defendant.

21. Venue is proper in this Court because, upon information and belief, Defendant maintains offices, have agents, employ individuals, and/or transact business in this jurisdiction; a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this jurisdiction; and Defendants caused harm to Plaintiff and putative class members residing in this jurisdiction.

COMPLAINT

# IV. CLASS ALLEGATIONS

22. All claims asserted herein are being brought on behalf of a class of: All persons residing in the State of California who were provided emergency medical services at an in-network emergency department by an out-of-network provider employed by PSJH or an affiliate, and received an unfair or unreasonable bill from the provider for an amount beyond the reasonable fair market value rates (the "class"). Plaintiff reserves the right to amend this class definition.

23. This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation, the proposed class is easily ascertainable, and Plaintiff is a proper representative of the putative class. Excluded from the class are Defendants and their parents, subsidiaries, representatives, officers, directors, employees, partners, and co-ventures.

24. Numerosity: The members of the class are so numerous that joinder of all class members is impracticable. While the exact number of class members can be determined only by appropriate discovery, Plaintiff believes that there are hundreds, if not thousands, of class members residing throughout California.

25. Commonality: Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual class members.

26. Typicality: Plaintiff's claims are typical of the claims of the class, in that Plaintiff experienced the harm that is alleged throughout this Complaint and was damaged thereby. Plaintiff's interests are to obtain relief for herself and the class for the harm arising out of the violations of law set forth herein.

27. Adequacy: Plaintiff is a member of the class and will fairly and

adequately protect the interests of the other members of the class Plaintiff's interests align with and do not conflict with those of the other members of the class. Plaintiff has retained counsel competent and experienced in complex consumer class action litigation and who will devote sufficient time and resources to litigate this matter.

28. Superiority of Class Action: A class action is superior to all. Other method for the fair and efficient adjudication of this controversy. Since the damages suffered by the members of the class may be relatively small in comparison to the expense and burden of individual litigation, it is virtually impossible for Plaintiff and members of the class to individually seek redress for the wrongful conduct alleged herein. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

29. As alleged herein, Defendants have acted and refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class as a whole.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Violations of the California Unfair Competition Law**

**Cal. Bus. & Prof. Code §§ 17200, *et seq.***

30. Plaintiff realleges each of the allegations set forth in the foregoing Paragraphs.

31. Plaintiff asserts this cause of action against Defendants for unlawful and unfair business practices, as defined by California Business and Professions Code, §§ 17200, *et seq.*, California's Unfair Competition Law (the "UCL").

32. Defendants' conduct violates the UCL, as the acts and practices of

Defendants constitute a common and continuing course of conduct by means of "unlawful" and "unfair" business acts or practices within the meaning of the UCL.

33. Defendants' conduct is "unlawful" pursuant to the UCL because it violates the California Legal Remedies Act (as discussed below).

34. Defendants' conduct is not just unlawful, but also "unfair" within the meaning of the UCL, as it is immoral, unscrupulous, unethical, oppressive, and substantially injurious to California consumers of medical services, i.e., patients, and/or offends established public policy. Defendants' contract with hospitals to manage and staff their emergency departments, as was the case with the emergency department, where Plaintiff was treated. Defendant takes over administrative and billing functions of the hospital emergency departments it manages and contracts with insurance carriers on behalf of the PSJH providers that staff the emergency department. Envision therefore knows or should know that its physicians within the emergency department do not accept the same insurance plans as the emergency department itself. By not informing patients that they will likely receive bills for out-of-network physician emergency services even though it is an in-network emergency department, and not informing patients how they can find out if providers are in fact in-network, Defendants violate the UCL.

35. Defendants also violate the UCL by billing patients for charges that far exceed the reasonable and fair value of the services rendered. Patients receiving emergency care are unable to contract for, let alone negotiate, the terms surrounding the provision of possible life-saving care. The common law has long recognized that in these special circumstances, a fair contract is implied by law for the reasonable value for the services rendered. Statutory provisions on the state and federal level reflect and reinforce this long-standing principle.

Defendants' conduct in billing and attempting to collect fees in excess of what is reasonable, particularly without disclosing to patients in advance that the doctors are out-of-network, is unscrupulous and cynically takes advantage of patients during a time of unique vulnerability, and is especially unfair since it results in substantial injury that the patients themselves could not have reasonably avoided.

36. Plaintiff and the other members of the class have been, and continue to be, injured as a direct and proximate result of Defendants' violations of the UCL.

37. Plaintiff is entitled to pursue a claim against Defendants on behalf of the class pursuant to Cal. Bus. Prof. Code §§ 17203 and 17205 for restitution, equitable relief, and damages to remedy Defendants' unlawful and unfair practices, and to move under Cal. Code Civ. Proc. § 1021.5 for costs and attorneys' fees.

## SECOND CAUSE OF ACTION
**Violation of California Surprise Medical Bill Law**
**Cal. Health and Safety Code Sections 1371.30, 1371.31, 1371.9 and Cal. Insurance Code Section 1011 2.8, 10112.81 and 10112.82**

38. Plaintiff realleges each of the allegations set forth in the foregoing paragraphs.

39. Plaintiff alleges that Defendants have violated California's surprise bill law by billing Plaintiff and others who have also received unfair and unreasonable surprise bills from Defendant.

40. Plaintiff and the other members of the class have been, and continue to be, injured as a direct and proximate result of Defendants' violations of the UCL.

COMPLAINT

41. Plaintiff is entitled to pursue a claim against Defendants on behalf of the class pursuant to Cal. Bus. Prof. Code §§ 17203 and 17205 for restitution, equitable relief, and damages to remedy Defendants' unlawful and unfair practices, and to move under Cal. Code Civ. Proc. § 1021.5 for costs and attorneys' fees.

42. Plaintiff seeks damages to be proved at trial.

## THIRD CAUSE OF ACTION

### Breach of Implied Contract or Quasi-Contract

43. Plaintiff realleges each of the allegations set forth in the foregoing paragraphs.

44. A contract is implied by law between the provider of emergency services and the Plaintiff and other members of the class, entitling the provider to the fair market or reasonable value of the emergency services rendered (the quantum meruit of the services performed).

45. Defendant breached the terms of the implied contract by billing Plaintiff and other class members at excessive rates much higher than the reasonable value implied by law.

46. Defendants were unjustly enriched through their breach of the implied contract, to the detriment of Plaintiff and other class members.

47. Defendants should be compelled to provide restitution, and to disgorge into a common fund or constructive trust, for the benefit of Plaintiff and the class, all proceeds received from Plaintiff and the class as a result of any unlawful or inequitable act any unlawful or inequitable acts and practices as alleged herein, because of Defendants' continuing misrepresentations and improper billing practices.

48. There is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, requests that the Court award the following relief:

a. Certify this action as a class action pursuant to Federal Rule of Civil Procedure 23, appoint Plaintiff as class representative, and designate the undersigned as class counsel;

b. Award Plaintiff and the class monetary damages;

c. Award Plaintiff and the class equitable, declaratory, and/or injunctive relief;

d. Award Plaintiff and the class restitution and/or disgorgement;

e. Grant Plaintiff and the class payment of the costs of prosecuting this action, including expert fees and expenses;

f. Grant Plaintiff and the class payment of reasonable attorneys' fees;

g. Grant such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and the class demand a trial by jury on all issues so triable.

DATED: March 24, 2020                    HAMNER LAW OFFICES, APLC

_____
CHRISTOPHER J. HAMNER
Attorney for Plaintiff James Ash, and the proposed class

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 24th day of March 2020, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and will be sent electronically to the registered participants.

           <u>/s/ Christopher J. Hamner</u>
           Christopher J. Hamner, Esq.
           Counsel for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

PROOF OF SERVICE